**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Gregory Calvin SMITH, | Case Number CV 04-3436 JSW |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | ORDER DENYING MOTION TO STAY FEDERAL PROCEEDING PENDING RESOLUTION OF STATE COURT PROCEEDING |
| Kevin CHAPPELL, Warden, San Quentin State Prison, | |
| Respondent. | |

**INTRODUCTION**

Petitioner Gregory Calvin Smith, a condemned prisoner at California's San Quentin State Prison, has filed a habeas petition containing sixty claims. He contends that eighteen of those claims are unexhausted, and requests the Court to stay the case so that he can return to state court and exhaust those claims. Respondent Kevin Chappell contends that the eighteen unexhausted claims should be dismissed and the litigation should proceed only on the exhausted claims.

For the reasons stated below, both petitioner's motion to stay and abey the proceedings and respondent's request to dismiss the eighteen claims at issue are DENIED.

**BACKGROUND**

In 1992, a jury convicted petitioner of the first degree murder of Ai Toyoshima, among other offenses, and found true the special circumstances that the murder was committed in the commission of rape and of kidnaping.  The jury sentenced petitioner to death.  The judgment was affirmed by the Supreme Court of California, *People v. Smith*, 30 Cal. 4th 581 (2003), and the Supreme Court of the United States denied petitioner's request for a writ certiorari.  *Smith v. California*, 540 U.S. 1163 (2004).  Petitioner filed an application for state post-conviction relief; on August 11, 2004, it was denied by the Supreme Court of California.

On Nov. 20, 2009, petitioner filed a petition for a writ of habeas corpus in this Court.  On March 1, 2010, respondent filed a motion to dismiss for failure to exhaust state remedies.  On March 30, 2010, petitioner moved to stay the federal proceedings so that he could return to state court and present the unexhausted claims to that court for review.  On July 26, 2010, the Court denied the respondent's motion to dismiss and granted petitioner's request for a stay.  On September 7, 2010, petitioner filed a second application for state post-conviction relief ("exhaustion petition"), and on January 12, 2011, it was denied by the Supreme Court of California.

On April 12, 2011, petitioner filed an second amended petition for a writ of habeas corpus with this Court.  Respondent filed his answer on December 1, 2011, and on February 6, 2013, petitioner filed a traverse containing twenty exhibits that were not part of the state court record.  On June 17, 2013, petitioner moved to again stay these federal proceedings to allow him to present the twenty exhibits and the eighteen claims affected by those exhibits to the state court. The motion has been fully briefed and is ripe for decision.

**LEGAL STANDARDS**

**A. Exhaustion**

A federal court may not grant habeas relief until a petitioner has exhausted available state remedies with respect to each claim.  28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 272 (1971).  The exhaustion doctrine rests on principles of comity and federalism.  *Rose v. Lundy*, 455 U.S. 509, 515 (1982).  Exhaustion is required to: (1) protect the state court's role in the

enforcement of federal law; (2) prevent disruption of state court proceedings; and (3) reduce piecemeal litigation. *Id.* at 518-20.

A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim. *Picard*, 404 U.S. at 276-77; *Anderson v. Harless*, 459 U.S. 4, 7 (1982); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986). A claim has been "fairly presented" if the petitioner described in state court both the legal theories and the operative facts on which he bases the claim. *Picard*, 404 U.S. at 277-78; *see Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1995).

To fairly present the legal theory of a claim, a petitioner must alert the state court that he is asserting a <u>federal</u> constitutional claim, either by citing the constitutional provision on which he relies or otherwise advising the court of the claim's federal basis. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

The factual basis of a claim has been fairly presented as long as the facts alleged in federal court do not fundamentally alter the nature of the claim, *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994)), place the claim in a "significantly different and stronger evidentiary posture" than it was when the state courts considered it, or "substantially improve[] the evidentiary basis" of the claim. *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).

Under traditional analysis, a petitioner may add factual materials supportive of those already in the record without fundamentally altering his claim and rendering it unexhausted. *See Vasquez*, 474 U.S. at 260 (statistical analyses of facts already in record do not render claim unexhausted); *see also Chacon*, 36 F.3d at 1468 (factual basis of claim that interpreter mistranslated guilty plea proceedings was fairly presented where the state court understood accuracy of translation to be at issue). However, where the new facts strengthen the claim by contradicting evidence the state court already considered, the new factual materials must be presented to the state court. *See Aiken*, 841 F.2d at 883-84 & n.3 (new evidence consisting of decibel level studies of tape of petitioner's confession, which conflicted with evidence state court

1  had considered, substantially improved evidentiary posture of claim and required exhaustion).

2        The traditional analysis was significantly altered by *Cullen v. Pinholster*, ___ U.S. ___,

3  131 S.Ct. 1388 ( 2011).  In that case, the Supreme Court of the United States held that federal

4  habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state

5  court that adjudicated the claim on the merits.  Once a state court has decided the claim on the

6  merits, "evidence later introduced in federal court is irrelevant."  *Id.* at 1400.  Although

7  *Pinholster* did not address exhaustion issues, after its issuance, if a federal habeas petitioner

8  wishes for a federal court to consider new evidence in deciding whether his claims survive

9  review under Section 2254(d)(1), he must first present that evidence in state court.  *See Martinez*

10  *v. Martel*, *Order Granting Leave to Amend and a Stay Pursuant to Rhines v. Weber*, CV 04-9090

11  *37-39 (C.D. Cal. July 17, 2011).

12  **B.  Stay and Abeyance**

13        The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a

14  habeas petition be exhausted before a federal court may grant the petition.  *Rose*, 455 U.S. at

15  522.  When a petitioner files a petition which contains both exhausted and unexhausted claims, a

16  court has three options: (1) it can dismiss the entire application without prejudice in order to

17  allow the petitioner to return to state court to present his unexhausted claims; (2) it can delete the

18  unexhausted claims from the petition so that the habeas proceeding can continue with only the

19  remaining exhausted claims; or (3) in limited circumstances, it can stay the proceedings and hold

20  the case in abeyance while the petitioner returns to state court to exhaust his previously

21  unexhausted claims.  *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).  The stay and abey

22  option was crafted in response to a problem resulting from the interplay between the total

23  exhaustion requirement of *Lundy* and the one-year statute of limitations for filing federal habeas

24  corpus applications.  *See* 28 U.S.C. § 2244(d).  If a federal court dismisses an inmate's mixed

25  petition in order to allow him to return to state court to exhaust his claims, the AEDPA's one-

26  year statute of limitations could bar review of his entire petition when he refiles it in federal

27  court.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).   A district court should grant a motion to

28

1   stay and abey only if: (1) the petitioner has good cause for his failure to exhaust his claims, (2)

2   the unexhausted claims are potentially meritorious, and (3) there is no indication that the

3   petitioner intentionally engaged in dilatory tactics.  *Id.* at 278.

4                                     **DISCUSSION**

5          Petitioner raised sixty claims in his initial federal petition, and he conceded that twenty-

6   five of the claims (F, H, I, J, K, L, O, P, Q, W, X, Y, Z, AA, BB, CC, II, JJ, SS, TT, UU, WW,

7   BBB, CCC, and DDD) were unexhausted.  Petitioner requested and received funding in order to

8   factually develop several of his claims, and he also requested, and received, a stay of this federal

9   proceedings so that he could return to state court and exhaust the unexhausted claims.  He fairly

10  presented those claims to the state court in an exhaustion petition, so that when he returned to

11  federal court in April of 2011 and filed his second amended petition, all of the claims were

12  exhausted.  By submitting twenty new exhibits with his traverse, however, petitioner contends

13  that he has rendered eighteen claims (I, J, K, L, M, Q, R, S, T, U, W, X, Y, Z, AA, BB, CC, FF,

14  and CCC) unexhausted, under the reasoning of *Aikens v. Spalding.*  Respondent does not dispute

15  petitioner's contention that the exhibits render the claims at issue unexhausted.

16         Assuming *arguendo* that the eighteen claims at issue are rendered unexhausted by the

17  inclusion of new exhibits in petitioner's traverse, and that as a result his amended petition for a

18  writ of habeas corpus contains both exhausted and unexhausted claims, the issue for the Court is

19  which of the options set forth in *Robbins v. Carey* to exercise.  Respondent contends that the

20  Court should delete the eighteen unexhausted claims from the petition and proceed on the forty-

21  two remaining exhausted claims; petitioner contends that the Court should issue a second stay to

22  allow him to exhaust the above-mentioned eighteen claims and their accompanying exhibits.

23         As discussed below, petitioner's entitlement to a stay turns on whether he meets the three

24  requirements set forth in *Rhines v. Webber*.

25         **a. Good cause**

26          Neither the Supreme Court nor the Ninth Circuit has provided a precise definition for

27  "good cause" for failure to exhaust claims in the stay and abey context.  Petitioner contends that

28  the state court's refusal to provide adequate funding to allow him to factually develop his claims

during his state post-conviction proceedings constitutes good cause. When petitioner filed his original federal petition, this Court agreed with his contention that the lack of funding from the state court established good cause for failing to exhaust these claims in his first state post-conviction proceedings. *See Order Denying Motion to Dismiss and Granting Motion to Stay* (Doc. #42) at 2. The problem with petitioner's current contention is that after he filed his original federal petition, he had the opportunity to factually develop his unexhausted claims by the time he filed his state exhaustion petition. Petitioner does not claim that he received inadequate funding from the federal court to allow him to do so. Accordingly, the Court finds that he has not established the first requirement of the *Rhines* test.

**b. Potentially meritorious claims**

Under the second prong of the *Rhines* test, a district court would abuse its discretion were it to deny a stay when a petitioner's unexhausted claims were potentially meritorious. *Rhines*, 544 U.S. at 277. The Court previously determined that the eighteen claims at issue have sufficient potential merit to meet the requirements for issuing a stay. *See Order Denying Motion to Dismiss and Granting Motion to Stay* (Doc. #42) at 2. Accordingly, the Court finds that petitioner has established the second requirement of the *Rhines* test.

**c. No indication of dilatory litigation tactics**

Under the third prong of the *Rhines* test, a stay is not warranted if there is an indication that the petitioner engaged in dilatory litigation tactics. *Rhines, 544 U.S.* at 278. In the present case, petitioner filed an initial federal petition containing unexhausted claims, and obtained a stay of the proceedings in order to return to state court to exhaust them. He did not, however, complete the factual development of his claims before exhausting them in state court. Petitioner contends that "he has moved with as much speed as possible throughout these proceedings." *See Reply to Opposition to Motion to Stay Federal Proceeding Pending Resolution of State Court Proceeding*, (Doc. #71) at 5. The problem with this argument is that moving as quickly as possible to stay federal proceedings and return to state court to exhaust claims - before the factual development of those claims is completed - has the potential of creating significant delay: if a petitioner then seeks to include the newly developed factual evidence, as petitioner does

1    here, his federal proceedings will have to be stayed a second time.  The Court finds this is an

2    indication that petitioner is engaging in intentionally dilatory litigation tactics.  *Cf. Slaughter v.*

3    *Ayers*, 1:05cv922, 2008 WL 5329301 *2 (E.D. Cal. Dec. 19, 2008) (stay and abeyance may be

4    inappropriate for additional review or re-visitation of previously exhausted claims).  Accordingly,

5    petitioner cannot establish the third requirement of the *Rhines* test.  Because petitioner cannot

6    meet either the first or the third requirement of the *Rhines* test, his motion for a stay and abey

7    these proceedings is denied.

8          It remains for the Court to determine whether to dismiss the eighteen claims at issue.

9    Respondent points out that unless a stay is granted, the total exhaustion rule requires that

10   unexhausted claims be dismissed.  The Court notes, however, that until petitioner attempted to

11   alter the eighteen claims at issue by attaching exhibits to his traverse, those claims were

12   exhausted.  In a similar situation, the District Court for the Southern District of Ohio allowed

13   exhausted claims presented in an amended petition to proceed, but refused to consider newly

14   developed evidence which would have rendered the claims unexhausted, applying the rule in

15   *Cullen v. Pinholster.  See Waddy v. Robinson*, No. 3:98cv04, 2013 WL 1898837 *2 (S.D. Ohio

16   May 7, 2013).  The Court will follow that approach in the present case.

17                                    **CONCLUSION**

18         For the above mentioned reasons, the Court finds as follows:

19         (1) Petitioner's motion to stay and abey these proceedings is denied;

20         (2) Petitioner may proceed on claims I, J, K, L, M, Q, R, S, T, U, W, X, Y, Z, AA, BB, CC,

21         FF, and CCC of his second amended petition;

22         (3) The Court will not, however, consider the twenty exhibits attached to petitioner's

23         traverse in adjudicating those claims;

24         (4) The parties shall submit a joint case-management statement within 60 days of the date

25         of this order.  A case management conference will be scheduled if necessary.

26         **IT IS SO ORDERED.**

27   DATED: November 27, 2013                  _____

28                                      JEFFREY S. WHITE
                                        United States District Judge